Battle, J.
 

 We
 
 are clearly of opinion that his Honor erred in rejecting the testimony which was offered on the trial, to show that Pickard, and not the plaintiff, was the owner of the wheat in controversy, and that he had demanded and received it from the defendant before the plaintiff’s demand and suit. If Pickard were the real owner of the article, could the plaintiff’s act of bailing it to the defendant, prevent Pickard from claiming it and recovering its value, if it were withheld from him by the defendant? Snrely not. No man can be thus deprived of the right of demanding his property from any person who has possession of it and retains it against his will. The refusal of the possessor to deliver it upon such a demand, would be evidence of a conversion, for which, if unexplained, the owner would be entitled to recover the full value of his property. If then, the possessor cannot, upon the ground of his being the bailee of another person, resist the claim of the true owner, his surrender of the article to the owner must necessarily be a defense against the action of the bailor, founded upon the charge of a conversion of the property. It may be that the bailor might recover something in an action of assumpsit for the breach of the contract of bailment, but the law cannot be so hard as to render the bailee liable for the full value of the article, both to the owner and bailor, upon the ground of a conversion as to both. The true doctrine on the subject is announced in the case of
 
 Pitt
 
 v.
 
 Albritton,
 
 12 Ire. 74, and is in accordance with the view which we have taken of the present case.
 

 There are, indeed, some cases, in which the true owner is not known, and where there is no probability of his appearing and making claim, where the courts would sustain the action of trover in favor of a bailor against a wrongfully recusant bailee ; see
 
 Armory
 
 v.
 
 Delamere,
 
 1 Stra.
 
 505 ; Craig v. Miller,
 
 12 Ire. 375. In such cases, to allow the
 
 jus tertii
 
 to be set up as a defense to the action of the bailor, would
 
 *127
 
 enable the bailee to beep the property without accounting for its value to any body, and thus to be rewarded for his breach of faith. But the rule of law must necessarily be different where the owner comes forward and demands the article, and is ready to prove a title which cannot be gainsaid or resisted. Such was the present case, and the Judge ought to have permitted the defendant to show, if he could, that he had delivered the article to the true owner, and consequently, had not converted it as against his bailor.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo.